UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY D. MOORE,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:24-CV-04178-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING RESPONDENT'S MOTION TO DISMISS |

Jeffrey Moore, appearing pro se, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1.[1] Respondent, the United States, moved to dismiss Moore's motion for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket 17. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

Magistrate Judge Duffy submitted her report and recommendation, recommending that the court grant respondent's motion to dismiss and dismiss Moore's motion with prejudice. Docket 20. Moore timely filed objections to the report and recommendation. Docket 22. Having reviewed de novo the report and recommendation and Moore's objections, the court overrules the objections and adopts the report and recommendation.

[1] Documents cited from this civil file will be cited using the court's assigned docket number. Documents from Moore's underlying criminal case, *United States v. Moore*, 4:20-CR-40074-KES (D.S.D.), will be cited using the court's assigned docket number preceded by "CR."

## BACKGROUND

A full factual background was provided by the magistrate judge in her report and recommendation, to which Moore did not object. Docket 20 at 2-27; *see* Docket 22 (Moore's objections to the report and recommendation). Thus, the court will provide a brief overview of the facts and adopts the facts from the magistrate judge's report and recommendation for the full background.

On May 13, 2022, Moore was convicted in federal court of one count of conspiracy to distribute a controlled substance and two counts of distribution of a controlled substance resulting in death. CR Docket 75. He was sentenced on August 10, 2022. CR Docket 94. On August 15, 2022, Moore filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit. CR Docket 96. The Eighth Circuit affirmed the judgment of the district court on June 27, 2023. CR Docket 122.

Moore filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on September 27, 2024. Docket 1. On March 3, 2025, respondent filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket 17. The magistrate judge filed her report and recommendation on June 25, 2025, recommending the court grant respondent's motion to dismiss and dismiss Moore's motion with prejudice. Docket 20. Moore filed objections to the magistrate judge's report and recommendation on July 21, 2025. Docket 22. Respondent notified the court that it has no objection to the report and recommendation. Docket 21.

## REVIEW OF REPORT AND RECOMMENDATION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft,* 30 F.3d 1044, 1045 (8th Cir. 1994).

Moore objects to the magistrate judge's findings and conclusions regarding his claims of ineffective assistance of counsel and actual innocence. Docket 22. The court reviewed this matter de novo and reviewed many records from Moore's underlying criminal case in *United States v. Moore*, 4:20-CR-40074 (D.S.D.). Based on its comprehensive review, the court concludes Moore's objections are without merit. Magistrate Judge Duffy conducted a thorough analysis and issued a comprehensive report and recommendation. The court need not review all of Moore's objections in detail because many objections are merely reiterations of his previous arguments and contentions, which were thoughtfully considered and rejected by the magistrate judge. Thus, the court adopts the report and recommendation as to those repetitive arguments and addresses the remaining objections raised by Moore.

Moore's remaining objections concern his ineffective assistance of counsel claims. Docket 22 at 2-8, 12-14, 16-19. The Sixth Amendment

provides an accused in a criminal prosecution with "the right . . . to have the [a]ssistance of [c]ounsel for his defence." *Gideon v. Wainwright*, 372 U.S. 335, 339 (1963). "[T]he right to counsel is the right to the effective assistance of counsel." *United States v. Cronic*, 466 U.S. 648, 654 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). To make out a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient[]" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The two showings may be considered in any order, but the claim fails if either showing is lacking. *Id.* at 697.

## I. Trial Counsel's Failure to File a Motion to Suppress E.W. Texts

In his § 2255 motion, Moore alleged that his trial counsel provided ineffective assistance of counsel because trial counsel failed to file a motion to suppress texts from E.W.'s phone that were obtained without a warrant. Docket 1 at 6-7. Relying on *United States v. Stringer*, 739 F.3d 391 (8th Cir. 2014), the magistrate judge concluded that Moore does not have standing to challenge the search of E.W.'s phone because he did not have a legitimate expectation of privacy in the contents of the phone. Docket 20 at 31-32. Thus, the magistrate judge concluded that Moore had not established that trial counsel's failure to file a motion to suppress was prejudicial. Moore objects to the magistrate judge's reliance on *Stringer*, arguing that his case is distinguishable. Docket 22 at 3. Moore claims the defendant in *Stringer* made no argument that he had a reasonable expectation of privacy in the contents of

the third party's phone, while Moore has claimed he had a reasonable expectation of privacy in the contents of E.W.'s phone. Docket 22 at 3-4; *Stringer*, 739 F.3d at 396.

Although Moore has broadly asserted he had a reasonable expectation of privacy in the phone, he in fact does not have such a reasonable expectation of privacy. "To contest the validity of a search, a person must have a reasonable expectation of privacy in the place searched." *United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015) (quoting *United States v. Randolph*, 528 F.3d 1022, 1026 (8th Cir. 2011)). "[A]n accused in a criminal case may not assert the Fourth Amendment rights of a third party." *Stringer*, 739 F.3d at 396 (citations omitted). "With regard to the content of cell phones, 'an accused must first establish that he personally has a legitimate expectation of privacy in the object that was searched.' " *Turner*, 781 F.3d at 382 (quoting *Stringer*, 739 F.3d at 396). Moore has not asserted that he owned, possessed, or used E.W.'s phone. Nor has he described any other legitimate expectation of privacy in the phone. Thus, the magistrate judge correctly concluded that Moore cannot establish prejudice because he does not have standing to challenge the search of E.W.'s phone.

## II. Trial Counsel's Failure to File a Motion to Dismiss and to Object

In his § 2255 motion and objections, Moore argues his trial counsel provided ineffective assistance of counsel by failing to file a motion to dismiss counts 3 and 4 of the indictment because they did not mention the drug acetylfetanyl. Docket 1 at 10-13; Docket 22 at 6-8. Moore also claims his trial

counsel provided ineffective assistance by failing to object to the government's impermissible variance in the evidence and/or constructive amendment to counts 3 and 4 of the indictment. Docket 1 at 28, 32-34; Docket 22 at 12-14. Underlying all of these arguments is Moore's claim that the government did not prove beyond a reasonable doubt that fentanyl alone was the but-for cause of the deaths. Docket 1 at 38; Docket 22 at 16-17.

The magistrate judge concluded that trial counsel was not deficient in failing to file a motion to dismiss counts 3 and 4 of the indictment because such a motion would not have been successful. Docket 20 at 34-36. Additionally, the magistrate judge concluded that trial counsel was not deficient in failing to object because the government did not constructively amend or create a variance as to counts 3 and 4 of the indictment. *Id.* at 46-47. Moore objects to the magistrate judge's conclusions. Docket 22 at 6-8, 12-14, 16-17.

"An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011) (quoting *United States v. Summers*, 137 F.3d 597, 601 (8th Cir. 1998)). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.* (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)).

"A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner—often through the evidence presented at trial or the jury instructions—that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007). "A variance arises when the evidence presented proves facts that are 'materially different' from those [alleged] in the indictment." *Id.* (alteration in original) (quoting *United States v. Harris*, 344 F.3d 803, 805 (8th Cir. 2003)).

To convict a defendant on the charge of distribution of fentanyl resulting in death, the government must prove that: "(1) the defendant knowingly or intentionally distributed a drug; and (2) the victim died or sustained a serious bodily injury caused by the use of the drug." *United States v. Moore*, 71 F.4th 678, 690 (8th Cir. 2023) (quoting *United States v. Cathey*, 977 F.3d 827, 832 (8th Cir. 2021)). Additionally, "[t]he government must offer 'proof that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct.' " *Id.* (quoting *United States v. Ross*, 990 F.3d 636, 639 (8th Cir. 2021)).

Here, counts 3 and 4 of the indictment alleged that Moore "did knowingly and intentionally distribute fentanyl, a Schedule II controlled substance, and the distribution of said fentanyl resulted in the death of" victims #1 and #2, respectively. CR Docket 1 at 2. Thus, counts 3 and 4 contained all of the essential elements of the charged offenses, fairly informed Moore of the charges

against him, and alleged sufficient information to allow Moore to plead a conviction or acquittal as a bar to a subsequent prosecution. The court agrees with the magistrate judge that a motion by trial counsel to dismiss counts 3 and 4 of the indictment would have been unsuccessful.

The court also agrees with the magistrate judge's conclusion that the government did not constructively amend or create a variance as to counts 3 and 4 of the indictment. At trial, Dr. Kenneth Snell testified that E.W.'s toxicology report "showed a fatal level of fentanyl." CR Docket 102 at 63. And although Dr. Snell also testified that E.W.'s toxicology report showed a fatal level of acetylfetanyl, he later clarified that "the fentanyl alone would have caused [E.W.]'s death by itself[.]" *Id.* at 67. Additionally, Dr. Snell testified that J.S.'s toxicology report "showed a fentanyl level that was in the fatal range." *Id.* at 69. And while Dr. Snell also testified that J.S.'s toxicology report noted the presence of acetylfetanyl, he again clarified that "the fentanyl by itself would have resulted in [J.S.'s] death[.]" *Id.* at 70. Additionally, the jury was properly instructed on the elements of the offenses charged in counts 3 and 4. CR Docket 72 at 7-9.

The government did not alter the essential elements of counts 3 and 4 in such a manner that the jury was allowed to convict Moore "of an offense different from or in addition to the offenses charged in the indictment." *Whirlwind Soldier*, 499 F.3d at 870. Nor did the government present evidence that proved facts that were materially different from the facts alleged in the indictment. *See id.* Thus, the magistrate judge correctly concluded that the

government did not constructively amend or create a variance as to counts 3 and 4 of the indictment.

As for Moore's underlying claim that the government failed to prove beyond a reasonable doubt that fentanyl alone was the but-for cause of the deaths, the court concludes the government did make that showing. The jury instructions specifically required the jury to find that each victim "would not have died *but for* the use of that same fentanyl transferred by Moore." CR Docket 72 at 7, 9-10 (emphasis added). Additionally, along with illustrative examples of but-for causation, the jury was instructed that "[t]he prosecution must prove that death resulted from the unlawfully transferred controlled substance, not merely from a combination of factors to which the drug use contributed. This is known as 'but for' causation." *Id.* at 10. And, as explained above, Dr. Snell testified that fentanyl alone would have resulted in the death of each victim. CR Docket 102 at 67, 70. Thus, the government made a sufficient showing that the deaths of both victims would not have occurred but-for Moore's conduct.

**III. Appellate Counsel's Failure to Notify Moore of Right to Appeal**

In his § 2255 motion and objections, Moore argues his appellate counsel provided ineffective assistance of counsel by failing to notify him of his right to file a writ of certiorari to the United States Supreme Court. Docket 1 at 39-40; Docket 22 at 18-19. "A criminal defendant has a constitutional right to counsel on the first direct appeal." *Ahumada v. United States*, 994 F.3d 958, 960 (8th Cir. 2021) (citing *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008)).

"[A]nd that right encompasses the right to effective assistance of counsel." *Steele*, 518 F.3d at 988 (citing *Evitts v. Lucey*, 469 U.S. 387, 396-400 (1985)). "Due process does *not*, however, guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court." *Id.* (citing *Ross v. Moffitt*, 417 U.S. 600, 617-18 (1974)); *see also Ahumada*, 994 F.3d at 960 ("There is no constitutional right to counsel for discretionary appeals."); 28 U.S.C. § 1254 (providing that a writ of certiorari is discretionary). "A defendant without a constitutional right to counsel 'cannot be deprived of the effective assistance of counsel.' " *Ahumada*, 994 F.3d at 960 (quoting *Steele*, 518 F.3d at 988). Because Moore does not have a constitutional right to have counsel file a certiorari petition, he cannot claim ineffective assistance of counsel based on appellate counsel's failure to notify him of his right to file such a petition. Thus, Moore has failed to make a showing that appellate counsel's performance was deficient.

## CERTIFICATE OF APPEALABILITY

When a district court denies a § 2255 motion, the movant must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1)(B). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated

differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Moore has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in his motion differently, or that a question raised by his motion deserves additional proceedings. Thus, a certificate of appealability is not issued.

**CONCLUSION**

After conducting a de novo review, it is ORDERED:

1. That Moore's objections to the report and recommendation (Docket 22) are overruled.
2. That the report and recommendation of the magistrate judge (Docket 20) is adopted.
3. That respondent's motion to dismiss (Docket 17) is granted.
4. That Moore's motion under 28 U.S.C. § 2255 (Docket 1) is dismissed with prejudice.
5. That a certificate of appealability is denied.

Dated September 2, 2026.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE